UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN LUMLEY )<br>1411 W. 112th St. No. 8 )<br>Cleveland, OH 44102 )<br> )<br>On behalf of himself and all others )<br>similarly situated, )<br> )<br>            Plaintiff, )<br>  v. )<br> )<br>RONALD T. DILLARD )<br>6475 Deeside Dr. )<br>Dublin, OH 43017 )<br> )<br>—and— )<br> )<br>PREMIER COURIER, INC. )<br>c/o Statutory Agent )<br>Ronald T. Dillard )<br>6475 Deeside Dr. )<br>Dublin, OH 43017 )<br> )<br>—and— )<br> )<br>JOHN DOE I )<br>(correct name unknown) )<br>c/o Ronald T. Dillard )<br>6475 Deeside Dr. )<br>Dublin, OH 43017 )<br> )<br>—and— )<br> )<br>JOHN DOE II )<br>(correct name unknown) )<br>c/o Ronald T. Dillard )<br>6475 Deeside Dr. )<br>Dublin, OH 43017 )<br> )<br>—and— ) | CASE NO.<br><br>JUDGE<br><br><br><br><br><br><br><br><br><br><br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT FOR DECLARATORY, EQUITABLE, AND MONETARY RELIEF** |

|  | ) |
|---|---|
| JOHN DOE III | ) |
| (correct name unknown) | ) |
| c/o Ronald T. Dillard | ) |
| 6475 Deeside Dr. | ) |
| Dublin, OH 43017 | ) |
|  | ) |
| Defendants. | ) |

Plaintiff Brian Lumley, through counsel, respectfully files this Complaint against Defendants Ronald T. Dillard, Premier Courier, Inc., John Doe I, John Doe II, and John Doe III.

## INTRODUCTION

1. This class action seeks declaratory, equitable, and monetary relief under the Ohio Fraudulent Transfer Act, Ohio Rev. Code Ann. §§ 1336.01, et seq.  Defendant Ronald T. Dillard and his company, Premier Courier, owe huge sums to Plaintiff and other class members in unpaid minimum wages and overtime compensation, but have transferred their assets to avoid payment.  The Ohio Fraudulent Transfer Act authorizes the setting aside of those transfers as well as "any other relief that the circumstances may require," including compensatory and punitive damages as herein sought.  Ohio Rev. Code Ann. § 1336.07(A)(3)(c).

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act, in that (a) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (b) this action is a class action in which one or members of a class of Plaintiffs are citizens of a state different

from one or more Defendants, (c) no Defendant is a state official, or other governmental entity, and (d) the number of members of the proposed class is greater than 100.  As stated above, the claims at issue are fraudulent transfer claims seeking recoupment of assets necessary to pay huge sums in unpaid minimum wages and overtime compensation to the proposed class of delivery drivers, as well as compensatory and punitive damages for Defendants' unlawful conduct.

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 1681p because Plaintiff resides in this district and division, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, and Defendants regularly conducted business in this district and division out of which claims asserted herein arose.

## PARTIES

4. Plaintiff Brian Lumley is a citizen of the United States residing in Cuyahoga County, Ohio, within this judicial district and division.

5. Defendant Premier Courier, Inc. ("Premier") is an Ohio corporation with its principal place of business at 638 Sullivan Avenue, Columbus, Ohio 43215. According to records maintained by the Ohio Secretary of State, Premier's statutory agent for service of process is Ronald T. Dillard, 6475 Deeside Dr., Dublin, OH 43017.

6. At all times relevant, Defendant Dillard was the owner, operator, and principal manager of Premier Courier.

7. Defendant John Doe I, whose correct name is currently unknown, is a relative of Ron Dillard or other person who conspired with Dillard to transfer assets in violation of law, and/or received legal or beneficial interests in the assets transferred.

8. Defendant John Doe II, whose correct name is currently unknown, is a person or entity to whom Defendant Dillard transferred assets in violation of law.

9. Defendant John Doe III, whose correct name is currently unknown, is a person or entity to whom Defendant Dillard transferred assets in violation of law.

## FACTUAL ALLEGATIONS

10. Plaintiff Lumley and other class members worked full time as delivery drivers for Defendant Ronald T. Dillard and his company, Premier Courier. The drivers are owed huge sums in unpaid minimum wages and overtime compensation as a result of Dillard and Premier having misclassified them as "independent contractors," when they should have been paid as hourly employees. The drivers' wage-and-hour claims are the subject of another case, *Brandon Wright, et al. v. Premier Courier, Inc., et al.*, Case No. 2:16-cv-00420 (S.D. Ohio) ("the *Wright* Case"), in which the Plaintiff herein, Brian Lumley, is a co-plaintiff and class member. The present case challenges Dillard's and Premier's fraudulent transfers of assets to other persons and entities, named herein as Defendants John Doe I, John Doe II, and John Doe III (collectively "the Transferee Defendants").

11. Dillard and Premier are persistent violators of federal and state wage-and-hour laws. In 2011, the U.S. Department of Labor issued a finding that Premier's drivers were hourly employees within the meaning of the FLSA, not "independent

4

contractors" as Dillard and Premier had classified them.  In 2014, Dillard and Premier settled a class and collective action lawsuit with the drivers, agreeing to a common fund settlement of up to $750,000 to resolve the drivers' wage claims.  *Barber v. Premier Delivery Services, Inc.*, No. 2:13-cv-0001, Docs. 34, 39 (S.D. Ohio) ("the *Barber* Case").  Yet Premier and Dillard immediately resumed the same unlawful conduct, giving rise to the *Wright* Case for the period subsequent to that settlement.

12. During and after their settlement of the *Barber* Case, Dillard and Premier began to transfer their assets to other persons and entities.  They did so with the actual intent to hinder, delay, or defraud their creditors, and for the specific purpose of rendering themselves unable to pay the obligations they knew they were incurring to present and future delivery drivers.

13. Dillard and Premier acted with ill will toward the drivers, or with conscious disregard for the rights of the drivers that had a great probability of causing substantial harm.

## CLASS ACTION ALLEGATIONS

14. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

15. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a proposed Class defined as:

> All drivers who worked full time for Premier Courier, Inc. as "independent contractors" in Ohio during the period August 9, 2013 to the present.

5

16. The Class is so numerous that joinder of all class members is impracticable. Over 300 delivery drivers worked for Premier Courier during the class period, most of them full time. The number of class members as well as their identities are ascertainable from records Premier maintained and was required to maintain by law.

17. There are questions of law or fact common to the Class, including but not limited to:

    (a) whether Dillard and Premier transferred their assets to the Transferee Defendants and/or other persons and entities;

    (b) whether they did so with the actual intent to hinder, delay, or defraud their creditors, or for the specific purpose of rendering themselves unable to pay the obligations they knew they were incurring to present and future delivery drivers;

    (c) whether Dillard and Premier acted with ill will toward the drivers, or with conscious disregard for the rights of the drivers that had a great probability of causing substantial harm;

    (d) whether the transfers of assets should be set aside for the payment of Plaintiff's and other class members' claims; and

    (e) what amount of compensatory and punitive damages will fairly compensate Plaintiff and other class members and deter Defendants and others from such unlawful conduct.

18. Plaintiff's claims are typical of the claims of other members of the Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants Dillard and Premier, and are based on the same legal theories as the claims of other class members.

19. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of

other class members.  Plaintiff's counsel have broad experience in handling class action litigation and are fully qualified to prosecute the claims of the proposed Class in this case.

20.     The questions of law or fact that are common to the proposed Class predominate over any questions affecting only individual members.  The primary questions that will determine Defendants' liability, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.  The issues are readily determinable on a classwide basis.

21.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources.  Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.  Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fraudulent Transfer Liability)

22.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23. The Ohio Fraudulent Transfer Act prohibits any transfer of assets made "with actual intent to hinder, delay, or defraud any creditor." Ohio Rev. Code Ann. § 1336.04(A)(1).

24. The Act further prohibits any transfer made "without receiving a reasonably equivalent value in exchange for the transfer," where either "the debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction" or "the debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." Ohio Rev. Code Ann. § 1336.04(A)(2).

25. The Act further prohibits any transfer of assets, as to a creditor whose claim arose before the transfer, if the transferor made the transfer without receiving a reasonably equivalent value in exchange, and the transferor was insolvent at that time or became insolvent as a result of the transfer. Ohio Revised Code § 1336.05(A).

26. Plaintiff and other class members are "creditors" within the meaning of Ohio Rev. Code Ann. § 1336.01. The Ohio Supreme Court has held that "[a]n individual possessing a cause of action … is a 'creditor' within the meaning of R.C. 1336.01(C) and has the right to question an alleged fraudulent conveyance." *Stein v. Brown*, 18 Ohio St. 3d 305, 308 (1985), *cited in Prokos v. Hines*, 2014-Ohio-1415, ¶ 71 (Ohio App. 2014). A transfer "is fraudulent as to a creditor" when the creditor's claim arose "before, or *within a reasonable time … after*, the transfer" (not to exceed four years). R.C. 1336.04(A).

27. The Ohio Fraudulent Transfer Act nullifies "every conveyance made with actual intent to hinder, delay, or defraud a present or future creditor." *Stein*, 18 Ohio St. 3d at 308, *cited in Walters v. Walters*, 2013-Ohio-2554, ¶ 34 (Ohio App. 2013). Thus, the statute applies to "transfers made with the intent to defraud future creditors." *Blood v. Nofzinger*, 162 Ohio App. 3d 545, 554 (2005). This application of the statute is designed to cover situations in which "a debtor [makes] a fraudulent transfer in anticipation of a claim." *Id*.

28. The transfers by Defendants Dillard and Premier were "transfers" of "assets" within the meaning of Ohio Rev. Code Ann. § 1336.01.

29. Dillard and Premier transferred assets to the Transferee Defendants and/or other persons and entities in violation of Ohio Rev. Code Ann. § 1336.04. Dillard and Premier made the transfers with the actual intent to hinder, delay, or defraud their creditors, and for the specific purpose of rendering themselves unable to pay the obligations they knew they were incurring to present and future delivery drivers. Dillard and Premier made the transfers without receiving a reasonably equivalent value in exchange. When the transfers were made, Dillard and Premier were engaged in a business or a transaction, or were about to engage in a business or a transaction, for which their remaining assets were unreasonably small in relation to the business or transaction, and Dillard and Premier intended to incur, or reasonably should have believed they would incur, debts beyond their ability to pay as they became due.

9

30. The Transferee Defendants were "insiders" within the meaning of Ohio Rev. Code Ann. § 1336.01.

31. Dillard and Premier further violated Ohio Rev. Code Ann. § 1336.05. One or more of their transfers were made after obligations to Plaintiff and other class members arose. Such transfers were made without receiving a reasonably equivalent value in exchange. When the claims of Plaintiff and other class members are taken into account, Dillard and Premier were insolvent at the time of the transfers, or became insolvent as a result of the transfers.

32. The Ohio Fraudulent Transfer Act authorizes the Court to set aside the transfers, attach the transferred assets and other property of the transferees, enjoin Defendants from further transfers, appoint a receiver to take charge of the transferred assets and other property of the transferees, and award "any other relief that the circumstances may require." Ohio Rev. Code Ann. § 1336.07.

33. The Act further authorizes the Court to award compensatory damages and attorneys' fees to Plaintiff and other class members, as well as punitive damages to deter Defendants and others from such unlawful conduct. Ohio Rev. Code Ann. § 1336.07(A)(3). *See, e.g.*, *Renbolt v. Kern*, 2013-Ohio-1359, 2013 WL 1390607 (Ohio App. Apr. 5, 2013) (§ 1336.07 "provides not only for the setting aside of a fraudulent transfer" but also "any other relief that the circumstances may require," including "punitive damages and attorney fees"); *Individual Bus. Servs. v. Carmack*. 2013-Ohio-4819 (Ohio App. Nov. 1, 2013) (quoting *Aristocrat Lakewood Nursing Home v. Mayne*, 133 Ohio App.

3d 651, 729 N.E.2d 768 (8th Dist. 1999) ("the amount of recovery in a fraudulent transaction case is not always limited by the amount of the fraudulent transaction")).

## COUNT TWO
### (Civil Conspiracy to Commit Fraudulent Transfers)

34. Plaintiff incorporates the paragraphs above as if fully re-written herein.

35. Defendants Dillard, Premier, and John Doe I planned and arranged to transfer assets to the Transferee Defendants and/or other persons or entities with the intent of depriving Plaintiff and other class members of rights and preventing them from obtaining recourse on their claims, and said Defendants effectuated the transfers in furtherance of their plan.

36. As a direct and proximate result of the Defendants' conspiracy to commit fraudulent transfers, Plaintiff and other class members have suffered damages including but not limited to out-of-pocket expense.

## COUNT THREE
### (Declaratory Relief)

37. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

38. Under Ohio Revised Code § 2721.02, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

39. Pursuant to Ohio Revised Code Sections 2721.01 to 2721.15, a justiciable controversy exists between Plaintiff and Defendants.

40. A declaratory judgment will aid in determining the rights and obligations of the parties.

41. As a part of the Court's final judgment in this action, Plaintiff requests a declaration that:

    (a) Dillard and Premier transferred assets to the Transferee Defendants and/or other persons and entities;

    (b) Dillard and Premier did so with the actual intent to hinder, delay, or defraud their creditors, or for the specific purpose of rendering themselves unable to pay the obligations they knew they were incurring to present and future delivery drivers;

    (c) Dillard and Premier acted with ill will toward the drivers, or with conscious disregard for the rights of the drivers that had a great probability of causing substantial harm; and

    (d) Dillard's and Premier's transfers of assets should be set aside for the payment of Plaintiff's and other class members' claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that the Court:

A. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and the Class;

B. Enter judgment against Defendants and in favor of Plaintiff and other class members;

C. Award declaratory relief in favor of Plaintiff and other class members as herein requested;

D. Award legal and equitable relief in favor of Plaintiff and other class members, including setting aside the contested transactions to the extent necessary to satisfy Defendants' obligations to Plaintiff and other class members, as well as attorneys' fees and costs of this action;

E. Award compensatory or statutory damages, as well as punitive damages, to Plaintiff and other class members;

F. Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

s/ Ryan A. Winters
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott (0090455)
Scott & Winters Law Firm, LLC
The Superior Building
815 Superior Avenue E., Suite 1325
Cleveland, OH  44114
440-498-9100
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.coms

 s/ Thomas A. Downie
Thomas A. Downie (0033119)
46 Chagrin Falls Plaza #104
Chagrin Falls, Ohio 44022
440-973-9000
tom@chagrinlaw.com

Counsel for Plaintiffs

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Ryan A. Winters
Ryan A. Winters (0086917)