# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Brandon Wright,

     Plaintiff,

     v.                         Case No. 2:16-cv-420

Premier Courier, Inc., *et al.*,      Judge Michael H. Watson

     Defendants.               Magistrate Judge Jolson


Brian Lumley,

     Plaintiff,

     v.                         Case No. 2:17-cv-654

Premier Courier, Inc., *et al.*,      Judge Michael H. Watson

     Defendants                Magistrate Judge Jolson


## <u>ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT</u>

Plaintiffs Brandon Wright ("Wright") and Brian Lumley ("Lumley") (together, "Plaintiffs") and Defendants Premier Courier, Inc. and Ronald T. Dillard ("Defendants") jointly move the Court to conditionally certify this case as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b);  certify a proposed settlement class pursuant to Federal Rule of Civil Procedure 23; preliminarily approve  the proposed settlement of FLSA

claims for potential opt-in plaintiffs ("Opt-Ins") who join the case pursuant to §

216(b) and the proposed settlement of the settlement class members' state-

law claims pursuant to Rule 23(e); approve notice to potential Opt-Ins and

settlement class members; and schedule a fairness hearing. Having reviewed

the Agreement of Settlement and Release ("Agreement"), the parties' motion

and exhibits, and the pleadings and papers filed in this action, and for good

cause therein established, the Court grants the joint motion as follows:

1.      Wright filed a Complaint asserting class and collective action

claims against Defendants, ECF No. 1, on May 11, 2016, an Amended

Complaint, ECF No. 26, on March 21, 2017, and a Second Amended

Complaint, ECF No. 44, on May 18, 2017. Lumley joined this action by filing

a Consent Form, ECF No. 49, on July 10, 2017. Plaintiffs alleged that they

and other drivers should have been paid as hourly employees by Premier

Courier and are owed overtime compensation as well as minimum wages.

Defendants denied Plaintiffs' claims and asserted affirmative defenses. *See*

Answer to Amended Complaint, ECF No. 14.

2.      A related action, filed by Lumley on July 27, 2017, alleged that

Defendants had transferred assets in violation of the Ohio Fraudulent Transfer

Act, Ohio Rev. Code §§ 1336.01, *et seq*. *See Brian Lumley v. Ronald T.*

*Dillard, et al.*, Southern District of Ohio Case No. 2:17-cv-00654 ("the *Lumley*

case"). Defendants deny those allegations as well.

3.    Plaintiffs' Counsel conducted extensive investigations into the facts before and during the prosecution of the actions.   Discovery and investigation included multiple meetings and conferences with Plaintiffs, analysis of documents produced by Plaintiffs and Defendants, analysis of Defendants' legal positions, investigation into the viability of class and collective action treatment, analysis of potential class-wide damages, and deposition of Defendants' principal representative.

4.    On July 10, 2017, Plaintiffs filed a Motion for Conditional and Class Certification, ECF No. 29, seeking conditional certification of FLSA claims pursuant to 29 U.S.C. § 216(b) and class certification of state-law claims under Fed. R. Civ. P. 23.   The motion was opposed by Defendants and extensively briefed by the parties.

5.    Negotiations leading to the proposed settlement were protracted and difficult. A mediation with Mediator Stephen A. Watring on February 10, 2017, was unsuccessful.   Subsequently, the parties exchanged settlement proposals to narrow their positions, and that effort resulted in a second mediation with the assistance of the Court.   After prolonged further negotiations, this settlement was achieved.

6.    On October 31, 2017, the parties filed their Joint Motion for Approval of Settlement, ECF No. 71.

7.    The settlement resolves three types of disputed claims between

the parties.  First, the settlement will resolve FLSA claims of the named

Plaintiffs and  similarly-situated employees who opt into the case pursuant to

29 U.S.C. § 216(b).    Second, the settlement will resolve state-law wage-and-

hour claims of the named  Plaintiffs and all members of the proposed

Settlement Class pursuant to Federal Rule of Civil Procedure  23(e).    Third,

the Settlement will resolve other claims of Plaintiffs and the Settlement  Class

including those arising under the Ohio Fraudulent Transfer Act, Ohio Rev.

Code  §§ 1336.01, *et seq.*, which were asserted in the separate *Lumley* case.

8.    The settlement makes individual settlement payments available

to Plaintiffs, Opt-Ins, and settlement class members representing a substantial

percentage  of their claimed damages.    The proposed method of allocating

the net settlement  amount—one-half to Plaintiffs and Opt-Ins and one-half to

settlement class members, then distributing those amounts based on the

participants' respective weeks of  service to Defendant Premier Courier during

the relevant timeframe—is reasonable and  fair to all.

9.    As to the Plaintiffs and Opt-Ins, the Court finds that the

proposed  settlement satisfies the standard for approval of an FLSA collective

action settlement under 29 U.S.C. § 216(b).    There is "a bona fide dispute

between the parties as to the  employer's liability under the FLSA," and the

settlement "is fair, reasonable, and  adequate."    *Kritzer v. Safelite Solutions,*

*LLC*, No. 2012 U.S. Dist. LEXIS 74994, at *19 (S.D.  Ohio May 30, 2012).

10.     As to the proposed settlement class, the Court makes a two-fold determination.  The Court finds that the Settlement Class satisfies "the four prerequisites of Rule 23(a)"—numerosity, commonality, typicality, and adequate representation—and "meet[s] at least one of the three requirements listed in Rule 23(b)."  *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F. 3d 838, 850 (6th Cir. 2013).

11.     The settlement class consists of "all persons who performed services under an Independent Contractor Agreement with Premier Courier, Inc. at any point from August 8, 2013 to the Preliminary Approval Date." Plaintiffs' Amended Complaint alleged that Defendants owe additional compensation to those employees pursuant to the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.   Am. Compl. ¶¶ 59–64. The separate *Lumley* case asserted claims under the Ohio Fraudulent Transfer Act, Ohio Rev. Code §§ 1336.01, *et seq.*   All members of the settlement class, including Wright and Lumley, have those claims, and adjudicating them on a classwide basis would present common questions, the resolution of which will advance the litigation.  *In re Broadwing, Inc. v. ERISA Litig.*, 252 F.R.D. 369, 377 (S.D. Ohio 2006).  These common questions predominate "over any questions affecting only individual members."   Fed. R. Civ. P.  23(b)(3).

12.     Wright and Lumley have aggressively pursued the interests of

class members, and their counsel have extensive experience in class action litigation including wage-and-hour cases.  *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012) (stating that class representatives "must have common interests with unnamed members" and "it must appear that [they] will vigorously prosecute the interests of the class through qualified counsel") (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996) (citation omitted)).

13.     Litigating the present case as a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Members of the settlement class "are not likely to file individual actions" because "the cost of litigation would dwarf any potential recovery."  *In re Whirlpool*, 722 F.3d at 861 (citing *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 568 U.S. 455, 1202 (2013); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 617 (1997)).

14.     The Court certifies the settlement class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3).  The Court approves Wright and Lumley as class representatives and appoints Plaintiffs' counsel as class counsel.

15.     The Court further finds that the proposed settlement for members of the Settlement Class qualifies for preliminary approval pursuant to Federal Rule of Civil Procedure 23(e) on the basis that it is "fair,

reasonable, and adequate" to all participants.

16.      The Proposed Notice to Potential Opt-Ins and Settlement Class Members  satisfies the procedural requirements of Federal Rule of Civil Procedure 23(c)(2).   The Court approves the  Notice and orders that it be distributed to the Potential Opt-Ins and settlement class members by first-class United States mail to their last-known addresses as shown in  Defendants' records.

17.      The Court will schedule a Fairness Hearing after the parties move for final settlement approval.

18.      Prior to the Fairness Hearing, Plaintiffs' Counsel shall file a declaration  verifying that the Notice was distributed to the settlement class members as prescribed  herein.

     **IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**